UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BERNARD CROSS,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    No. 4:07CV511 JCH
                                    )
EDNA TAYLOR, et al.,                )
                                    )
        Defendants.                 )

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Bernard Cross (registration no. 76349), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0.62. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $3.09, and an average monthly balance of $0.34. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.62, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328

(1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged revocation of his parole in violation of his constitutional rights. Named as defendants are Edna Taylor (Parole Officer), Richard Oshecski (Parole Office Supervisor), Missouri Board of Probation and Parole, and Mark Thompson (Public Defender).

Plaintiff was sentenced to 15 years' imprisonment by a state court in 1992. Cross-Bey v. Gammon, 4:98CV1251 DJS (E.D. Mo.). The state court suspended execution of the judgment and placed plaintiff on parole. Id. The state court revoked plaintiff's parole later that year, and plaintiff filed a § 2254 habeas action in this Court in 1998. Id.

3

This Court granted habeas relief after finding that plaintiff was not given effective assistance of counsel at his probation revocation hearing.  Id.  However, the United States Court of Appeals for the Eighth Circuit reversed the decision because the petition was not timely filed.  Id.  This Court entered a final judgment dismissing plaintiff's writ of habeas corpus with prejudice on April 15, 2003.

Plaintiff alleges that he is scheduled to be released from prison on April 3, 2007, and plaintiff seeks to be compensated for the time he spent in prison in the amount of $11,520.00 per year, or $172,800.00 total.  Plaintiff claims that he should be compensated for his time spent in prison because his confinement was unconstitutional.

## Discussion

The complaint is legally frivolous.  Plaintiff's sole remedy to challenge the constitutionality of his confinement is through the writ of habeas corpus.  As a result, the Court shall dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $0.62 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 22nd Day of March, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE